UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZTUN KAZTASHYAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:25-cv-1526-DC-SCR<br><br><br><br>ORDER |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 26, 2025, respondents filed a motion to dismiss. ECF No. 5. Having reviewed the pending motion, the court has determined that the interests of justice require the appointment of counsel based on the complexity of the legal issues involved. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Based on the length of time in which petitioner has been in immigration detention, the court provisionally finds that petitioner is financially unable to obtain adequate representation. The court hereby appoints the Office of the Federal Public Defender in this District to represent petitioner throughout the course of all proceedings in this court.

Accordingly, IT IS HEREBY ORDERED that:

1. The Office of the Federal Defender is provisionally appointed to represent petitioner.
2. The Clerk of the Court shall serve a copy of this order on the Office of the Federal

1

Defender, Attention: Habeas Appointment.

3. Petitioner shall complete and submit a financial affidavit by December 15, 2025 in order to allow the Court to determine petitioner's ongoing eligibility for appointed counsel.

4. In light of the appointment of counsel, the previously established briefing schedule on the § 2241 petition is hereby modified as indicated herein.

5. Petitioner's opposition to the motion to dismiss is due by December 15, 2025.

6. Respondents' reply to the opposition is due no later than December 22, 2025.

7. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 1, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE